

_____
Honorable Bruce T. Beesley
United States Bankruptcy Judge

**Entered on Docket**
**June 06, 2013**

1

2

3

4

5

6   GORDON SILVER
    WILLIAM M. NOALL, ESQ., Nevada Bar No. 3549
7   E-mail:  wnoall@gordonsilver.com
    THOMAS H. FELL, ESQ., Nevada Bar No. 3717
8   E-mail:  tfell@gordonsilver.com
    GABRIELLE A. HAMM, ESQ., Nevada Bar 11588
9   E-mail:  ghamm@gordonsilver.com
    KIRK D. HOMEYER, ESQ., Nevada Bar No. 12402
10  E-mail:  khomeyer@gordonsilver.com
    3960 Howard Hughes Pkwy., 9th Floor
11  Las Vegas, Nevada 89169
    Telephone (702) 796-5555
12  Facsimile (702) 369-2666

13  and

14
    DLA PIPER LLP (US)
15  GREGG M. GALARDI, ESQ., New York Bar No. 4535506
    (Admitted *pro hac vice*)
16  E-mail: gregg.galardi@dlapiper.com
    1251 Avenue of the Americas
17  New York, New York 10020
    Telephone (212) 335-4640
18  Facsimile (212) 884-8540

19
    Attorneys for Debtor
20
                    **UNITED STATES BANKRUPTCY COURT**
21
                       **FOR THE DISTRICT OF NEVADA**
22

23  In re:                              | Case No.: BK-N-11-53860-BTB
                                         | Chapter 11
24  AHERN RENTALS, INC.,

25          Debtor.                      | **Confirmation Hearing**
                                         | **Date:  June 5, 2013**
26  _____     | **Time:  9:30 a.m.**

27          **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING**
            **CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF**
28                **REORGANIZATION, AS AMENDED AND MODIFIED**

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104500-002/1944187_4

Ahern Rentals, Inc. ("<u>Debtor</u>"), debtor and debtor-in-possession, having filed the *Debtor's Second Amended Plan of Reorganization* [ECF No. 1796], as amended by the *First Amendment to Debtor's Second Amended Plan of Reorganization* [ECF No. 2084] and modified as set forth in the *Findings of Fact and Conclusions of Law Regarding Confirmation of Debtor's Second Amended Plan of Reorganization as Amended on May 24, 2013* (the "<u>Plan</u>"); and the *Disclosure Statement to Accompany Debtor's Second Amended Plan of Reorganization* [ECF No. 1797], as supplemented by the *Disclosure Statement Supplement to Accompany Debtor's Second Amended Plan of Reorganization* [ECF No. 2086] (together, the "<u>Disclosure Statement</u>");[1] the *Motion for Entry of Order Approving (I) the Adequacy of Disclosure Statement, (II) Procedures for Solicitation, Balloting, Tabulation, and Notices with Respect to the Debtor's Plan of Reorganization, and (III) Related Confirmation Procedures, Deadlines, and Notices* [ECF No. 1593], which was approved by the Bankruptcy Court on March 15, 2013 [ECF No. 1816] (the "<u>Solicitation Procedures Order</u>"); *Debtor's Ex Parte Motion for (i) Conditional Approval of Disclosure Statement Supplement to Accompany Debtor's Second Amended Plan, (ii) Approval of the Plan Support Agreement, and (iii) Establishing Scope, Forms, Procedures, and Deadlines for Revoting and Tabulation of Votes to Accept or Reject the Debtor's Plan from Certain Holders of Class 2 Second Lien Loan Claims* [ECF No. 2087], which was approved by the Bankruptcy Court on May 24, 2013 [ECF No. 2089] (the "<u>Revoting Order</u>"); the *Notice of Filing and Plan Supplement to Debtor's Second Amended Plan of Reorganization* [ECF No. 2092] (the "<u>Plan Supplement</u>"); *Debtor's Memorandum of Law in Support of Confirmation of Debtor's Second Amended Plan of Reorganization, as Amended by the First Amendment to Debtor's Second Amended Plan* [ECF No. 2106] (the "<u>Confirmation Memorandum</u>"); and the *Declaration of Howard Brown in Support of Confirmation of Debtor's Second Amended Plan of Reorganization, as Amended by the First Amendment to Debtor's Second Amended Plan* [ECF

---

[1] The Plan and Disclosure Statement were also amended by the *Errata to Debtor's Second Amended Plan of Reorganization [ECF No. 1796] and Disclosure Statement to Accompany Debtor's Second Amended Plan of Reorganization [ECF No. 1797]* [ECF No. 1824].

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104500-002/1944187_4

No. 2108] (the "Brown Declaration"); and the Bankruptcy Court having held the Confirmation Hearing on June 5, 2013; and after due deliberation, and sufficient cause appearing therefor;

**IT HAVING BEEN FOUND AND DETERMINED** by this Bankruptcy Court that:

1.    Unless otherwise defined herein, all capitalized terms shall have the meanings given such terms in the Plan.

2.    On December 22, 2011 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter[2] 11 of the Bankruptcy Code, thereby commencing the above-captioned Chapter 11 Case.  Since the Petition Date, Debtor has continued operating its business and managing its property as a debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.    The Bankruptcy Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding in which the Bankruptcy Court may enter a Final Order in accordance with 28 U.S.C. § 157(b)(2).  Venue of the Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    Kurtzman Carson Consultants LLC, Debtor's claims agent, filed the *Second Amended Certification of Evan Gershbein With Respect to the Tabulation of Votes on Debtor's Second Amended Plan of Reorganization* [ECF No. 2146] (the "Ballot Summary") setting forth the results of the balloting on the Plan.

5.    This Bankruptcy Court takes judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the docket of the Chapter 11 Case including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before this Bankruptcy Court during the pendency of this Chapter 11 Case.

. . .

---

[2] All references to "Chapter" and "Section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure; and all references to "Local Rule" or "LR" shall be to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104500-002/1944187_4

**Confirmation Requirements**

6.      The Plan satisfies all of the applicable requirements of Chapter 11 of the Bankruptcy Code.

7.      The classification of Claims in Section 3 of the Plan is necessary and reasonable to implement the Plan, and satisfies the requirements Section 1122(a) of the Bankruptcy Code in that each Claim in each particular Class is substantially similar to other Claims in such Class.

8.      The separate classification of Class 7 (General Unsecured Claims) from each of the Class 6 subclasses (Personal Injury Claims), the separate classification of each Class 6 subclass from each of the other Class 6 subclasses, and the separate classification of Class 3 (Kubota Claims) from Class 4 (Other Secured Claims), are in compliance with Section 1123(a)(1) and (3) and (b)(6) of the Bankruptcy Code, and are reasonable, in good faith, not unfairly discriminatory, and justified based upon the economic realities of this Chapter 11 Case. As such, the separate classification of Class 7, each of the Class 6 subclasses, Class 3, and Class 4 satisfies the requirements of Section 1122 of the Bankruptcy Code.

9.      Section 3 of the Plan adequately and properly identifies and classifies all Claims other than Claims of the kind specified in Sections 507(a)(2), 507(a)(3), or 507(a)(8) of the Bankruptcy Code which  are treated in Section 2 of the Plan, thereby satisfying the requirements of Section 1123(a)(1) of the Bankruptcy Code.

10.      Section 3 of the Plan adequately and properly identifies the Classes of Claims and Equity Interests which are and are not Impaired.  Therefore, the Plan satisfies the requirements of Section 1123(a)(2) of the Bankruptcy Code.

11.      Section 3 of the Plan specifies the treatment of each Impaired Class of Claims and thereby satisfies the requirements of Section 1123(a)(3) of the Bankruptcy Code.

12.      The Plan provides for the same treatment for each Claim in a particular Class and thereby satisfies the requirements of Section 1123(a)(4) of the Bankruptcy Code.

13.      The Plan provides adequate means for its implementation, thereby satisfying Section 1123(a)(5) of the Bankruptcy Code, including, among other things: the continued existence of Reorganized Ahern, the execution and delivery of the Exit Financing Facility

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

4

104500-002/1944187_4

Documents, the effectuation of the revesting of assets in Reorganized Ahern, the continuation of post-Effective Date management and operations, and the procedures specified under the Plan for the disbursements to Holders of Allowed Claims.

14.    In accordance with Section 1123(a)(6) of the Bankruptcy Code, the Reorganized Ahern's Organizational Documents shall prohibit the issuance of non-voting interests to the extent required by Section 1123(a)(6) of the Bankruptcy Code.

15.    The provisions of the Plan are consistent with the interests of the Holders of Claims and public policy and, therefore, satisfy the requirements of Section 1123(a)(7) of the Bankruptcy Code.

16.    In accordance with Section 1123(b)(1) of the Bankruptcy Code, Section 3 of the Plan impairs Classes 2, 3, 6A through 6L, 7, and 8 and leaves Unimpaired Classes 1, 4, 5 and 9.

17.    The Plan constitutes a motion by the Debtor (i) to assume, as of the Effective Date, pursuant to Section 365(a) of the Bankruptcy Code, each Executory Contract and Unexpired Lease to which the Debtor is a party and which is (a) not listed on **Exhibit E** of the Plan Supplement, (b) not otherwise provided for in the Plan, (c) neither assumed, assumed and assigned, nor rejected by separate order prior to the Effective Date, or (d) the subject of a stipulation or other written agreement between the Debtor and the counter-party to a particular Executory Contract or Unexpired Lease, either approved or to be approved by this Bankruptcy Court; and (ii) to reject each Executory Contract and Unexpired Lease to which the Debtor is a party listed on **Exhibit E** of the Plan Supplement.  The Debtor is authorized to assume or reject Executory Contracts and Unexpired Leases in accordance with the Plan.

18.    The Debtor's decision regarding the assumption or rejection of Executory Contracts and Unexpired Leases, as authorized by Section 1123(b)(2) of the Bankruptcy Code and as provided for in Section 5 of the Plan, is a reasonable exercise of sound business judgment and is in the best interests of the Debtor and the Estate. Except to the extent set forth in one or more separate stipulations and corresponding orders entered by the Bankruptcy Court, there are no defaults existing under any assumed Executory Contract and Unexpired Lease to which the Debtor is a party, and any and all Cure amounts are set forth in **Exhibit F** of the Plan

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104500-002/1944187_4

Supplement, except as otherwise set forth in a separate stipulation and corresponding order entered by the Bankruptcy Court.

19.    Pursuant to and in compliance with Sections 1123(b)(3)(A) and (b)(6) of the Bankruptcy Code, with respect to Sections 9.4 (Discharge), 9.5 (Compromise and Settlement), 9.6 (Releases), 9.7 (Injunction), and 9.8 (Exculpation) of the Plan, as applicable, the Bankruptcy Court finds and concludes that:

      a.    Section 9.6 is in compliance with and comports with applicable law.

      b.    The discharge, compromise and settlement, release, injunction, and exculpation provisions in Sections 9.4 through 9.8 of the Plan:

            i.    fall within the jurisdiction of this Bankruptcy Court under 28 U.S.C. § 1334(a), (b), (d) and (e);

            ii.    are in consideration for the respective support (financial and otherwise) that the Released Parties have provided in connection with the Plan and the Debtor's reorganization;

            iii.    are fair, equitable, and reasonable and are essential means of implementing the Plan pursuant to Section 1123(a)(5) of the Bankruptcy Code;

            iv.    are integral elements of the compromises with Creditors referenced in Section 9.5 of the Plan and the transactions incorporated into the Plan;

            v.    confer a material benefit on, and are in the best interests of, the Debtor, the Estate, and Creditors;

            vi.    are important to the overall objectives of the Plan;

            vii.    are consistent with Sections 105, 510, 1123, 1129, and other applicable provisions of the Bankruptcy Code; and

            viii.    are effective and binding in accordance with their terms.

      c.    The failure to effect the discharge, compromise and settlement, release, exculpatory, and injunctive provisions of the Plan would impair the Debtor's ability to

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104500-002/1944187_4

confirm the Plan.

20.     Pursuant to and in compliance with Sections 1123(b)(3)(A) and (b)(6) of the Bankruptcy Code, with respect to Section 9.5 (Compromise and Settlement), the settlement, compromise and allowance of Claims in Classes 2, 3, 6A through 6L, 7, and 8 are in good faith, fair, equitable, within the range of reasonableness, in the best interests of the Debtor and its Estate, are entered into in good faith, at arms' length, and are appropriate pursuant to Sections 1123 of the Bankruptcy Code, including, but not limited to, subsections (b)(3)(A) and (b)(6), the standards applicable to settlements and compromises in bankruptcy pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and applicable case law.

21.     The Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying the requirements of Section 1129(a)(1) of the Bankruptcy Code, including, but not limited to, the requirements of Sections 1122 and 1123 of the Bankruptcy Code as incorporated therein.

22.     The Debtor, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Bankruptcy Court with respect to the Plan.  Good, sufficient and timely notice of the Confirmation Hearing has been given to Holders of Claims and to other parties-in-interest to whom notice is required to be given as required by the Solicitation Procedures Order and the Revoting Order.  The solicitation of votes was made in good faith and in compliance with the applicable provisions of the Bankruptcy Code and all other rules, laws and regulations, and such solicitation was conducted after disclosure of "adequate information" as defined in Section 1125 of the Bankruptcy Code.  Ballots of Holders of Claims entitled to vote on the Plan were properly solicited and tabulated in accordance with the Solicitation Procedures Order and the Revoting Order.

23.     As reported in the Ballot Summary, Holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Claims actually voting in Classes 2, 3, 6E, 6L, 7, and 8 have accepted the Plan.  Holders of Claims and Equity Interests in Classes 1, 4, 5 and 9 are not impaired under the Plan, were not entitled to vote to accept or reject the Plan, and are

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104500-002/1944187_4

1    conclusively presumed to have accepted the Plan. As such, the Debtor has complied with Section

2    1129(a)(2) of the Bankruptcy Code, including, but not limited to, the requirements set forth in

3    Sections 1125 and 1126 of the Bankruptcy Code.

4        24.    The Plan, the compromises and settlements embodied therein, and the Exit

5    Financing, have been proposed in good faith and not by any means forbidden by law, as

6    evidenced by, among other things, the totality of the circumstances surrounding the formulation

7    of the Plan and the record of this Chapter 11 Case. The Plan provides the greatest opportunity to

8    maximize the value of the Estate, and Debtor has exercised sound and reasonable business

9    judgment through the Plan. The Exit Lenders, who are established and well-regarded in the

10   Debtor's industry, have acted and entered into the Exit Financing Facility Documents in good

11   faith. The Exit Lenders fairly and reasonably negotiated the Exit Financing Facility Documents

12   at arms' length with the Debtor, and the resulting terms of the Exit Financing, including the

13   related fee structures and the Alternative Transaction Fee, are in the best interests of the Estate.

14   As such, the Plan satisfies the requirements of Section 1129(a)(3) of the Bankruptcy Code.

15       25.    Any payment made or to be made under the Plan for services or for costs and

16   expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and

17   incident to the Chapter 11 Case, including, without limitation, the Exit Financing, has been

18   approved by, or will be subject to the approval of, the Bankruptcy Court as reasonable, thereby

19   satisfying the requirements of Section 1129(a)(4) of the Bankruptcy Code. The payment of

20   $10.0 Million in Cash to the Noteholder Group, in care of its counsel Bracewell & Giuliani LLP,

21   pursuant to Section 3.4.2(b) of the Plan, is hereby approved and shall be made on the Effective

22   Date and distributed by Bracewell & Giuliani LLP without any further Order of the Bankruptcy

23   Court.

24       26.    The Debtor's current officers and current members of its Board of Directors shall

25   serve in their respective capacities through the Effective Date of the Plan. The Debtor has

26   disclosed the identities and compensation of the officers and members of the Board of Directors

27   who will serve after the Effective Date. Therefore, the Debtor has satisfied the requirements of

28   Section 1129(a)(5) of the Bankruptcy Code.

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

8

104500-002/1944187_4

27.     Section 1129(a)(6) of the Bankruptcy Code is inapplicable to this Chapter 11 Case because the Plan does not contain rate changes for which a governmental regulatory commission has jurisdiction after confirmation.

28.     The Debtor admitted into evidence the liquidation analysis prepared for the Debtor, which was attached to the Brown Declaration (the "Liquidation Analysis").    After reviewing and considering the evidence and arguments of counsel, the Bankruptcy Court finds that the total liquidation value of the Debtor and the recoveries by Holders of Claims Impaired under the Plan and entitled to recoveries in the event of a liquidation under Chapter 7, is as set forth in the Liquidation Analysis.

29.     In a Chapter 7 liquidation, the recoveries for all Holders of Claims and Equity Interests would vary, but would not exceed the projected recoveries under the Plan.

30.     The Plan complies with Section 1129(a)(7) of the Bankruptcy Code in that with respect to Classes 1, 2, 3, 4, 5, 6, 7, 8, and 9, each Holder of an Allowed Claim or Equity Interest will receive and retain under the Plan on account of such Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would so receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

31.     In accordance with Section 1129(a)(8) of the Bankruptcy Code, Classes 2, 3, 6E, 6L, 7, and 8 have voted to accept the Plan in accordance with Section 1126(c) of the Bankruptcy Code.   Classes 1, 4, 5, and 9 under the Plan are unimpaired and therefore are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code.   Classes 6B, 6C, and 6H did not vote on the Plan,  Classes 6F, 6G, 6I, and 6K have no members and thus no votes can be received, and Classes 6A, 6D, and 6K voted to reject the Plan (the "Rejecting Classes," together with Classes 6B, 6C, and 6H, the "Non-Accepting Classes"). Accordingly, the Non-Accepting Classes are deemed to have voted to reject the Plan pursuant to Section 1126(g) of the Bankruptcy Code.   Because the Non-Accepting Classes have not accepted the Plan, the requirements of Section 1129(a)(8) of the Bankruptcy Code have not been met, thereby requiring application of Section 1129(b) of the Bankruptcy Code.   As is more fully set forth hereinafter, the Plan satisfies Section 1129(b) of the Bankruptcy Code with respect to the Non-Accepting

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104500-002/1944187_4

Classes.

32.    The Plan's treatment of Allowed Administrative Claims, Allowed Priority Tax Claims, and other unclassified priority claims as set forth in Section 507(a) of the Bankruptcy Code satisfies the requirements set forth in Section 1129(a)(9) of the Bankruptcy Code because the Plan provides for the payment in full of each Holder of an Allowed Administrative Claim, Allowed Professional Fee Claim, Allowed Priority Tax Claim, and DIP Loan Claim pursuant to Section 2 of the Plan.

33.    The Plan complies with Section 1129(a)(10) of the Bankruptcy Code in that (A) Classes 2, 3, 6E, 6L, 7, and 8 (all Impaired Classes of Claims under the Plan) voted to accept the Plan without including acceptance by any insider.

34.    To demonstrate the feasibility of the Plan, the Brown Declaration included financial projections relating to the projected operating results, cash flow, and financial position of the Reorganized Ahern upon the Effective Date of the Plan through December 31, 2017 (the "Financial Projections").  The Financial Projections demonstrate that the Debtor is capable of satisfying the obligations proposed under the Plan. Further, the Debtor has secured Exit Financing in the aggregate amount of up to $745 million, along with an Equity Contribution of $5 million, which amounts, together with the Debtor's Cash and Cash equivalents, are more than sufficient to satisfy all Allowed Claims under the Plan, including all Administrative Claims, Professional Fee Claims, and Priority Tax Claims.  As such, the Debtor has demonstrated that it is capable of meeting all Cash payments under the Plan, and that the Plan is otherwise feasible in accordance with Section 1129(a)(11) of the Bankruptcy Code.

35.    As more fully set forth in the Financial Projections, the Plan complies with Section 1129(a)(11) of the Bankruptcy Code in that confirmation will not likely be followed by the liquidation or the need for further financial reorganization of the Debtor.  The Plan offers a reasonable prospect of success and there exists a reasonable probability that the provisions of the Plan can be performed.  Therefore, the Plan satisfies the feasibility test set forth in Section 1129(a)(11) of the Bankruptcy Code.

36.    The Plan complies with Section 1129(a)(12) of the Bankruptcy Code in that the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104500-002/1944187_4

Plan provides for the payment of all fees under 28 U.S.C. § 1930 as of the Effective Date or as they come due after such time.

37.     Section 1129(a)(13) of the Bankruptcy Code is satisfied as there are no retiree benefits, as the term is defined in Section 1114 of the Bankruptcy Code, affected under the Plan.

38.     The Debtor is not required to pay any domestic support obligation, and thus Section 1129(a)(14) of the Bankruptcy Code is inapplicable.

39.     The Debtor is not an individual, and thus Section 1129(a)(15) of the Bankruptcy Code is inapplicable.

40.     The Debtor is a moneyed, business, and commercial entity, and thus Section 1129(a)(16) of the Bankruptcy Code is inapplicable.

41.     The requirements of Section 1129(b) of the Bankruptcy Code are satisfied as all of the applicable requirements of Section 1129(a) of the Bankruptcy Code other than subsection (a)(8) are met with respect to the Plan, and the Plan does not discriminate unfairly and is fair and equitable with respect to the Non-Accepting Classes, which are the Impaired Classes under the Plan that did not accept the Plan. The Plan provides for payment of 100% of the Allowed Claims in these Unsecured Classes, with the same rates of interest being paid to Holders of General Unsecured Claims in Class 7.

42.     The Holders of Claims in the Non-Accepting Classes will receive, on account of such Claims, property of a value, as of the Effective Date, at least equal to the allowed amount of such Claims in accordance with Section 1129(b) of the Bankruptcy Code.

43.     The principal purpose of the Plan is not the avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act of 1933.  No governmental unit has requested that the Bankruptcy Court deny confirmation on such basis.  Therefore, the Plan satisfies the requirements of Section 1129(d) of the Bankruptcy Code.

44.     The documentation of transactions to implement the Plan set forth in the Plan Supplement is reasonable and appropriate, and execution of documents substantially in accordance with the forms attached to the Plan Supplement, modified as necessary to incorporate all the Plan amendments in paragraphs 47 through 56, is in the best interest of the Estate and all

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

11

104500-002/1944187_4

1    parties-in-interest.

2    45.    Based upon the record before the Bankruptcy Court, the Debtor and the Released

3    Parties have acted in good faith within the meaning of Section 1125(e) of the Bankruptcy Code

4    in compliance with all their respective activities relating to the Chapter 11 Case, and the

5    negotiation and pursuit of confirmation of the Plan. Therefore, they are entitled to the

6    protections afforded by Section 1125(e) of the Bankruptcy Code and the discharge, compromise

7    and settlement, release, exculpatory and injunctive provisions set forth in Section 9 of the Plan.

8    46.    Unless otherwise provided in the Plan, all injunctions or stays in effect in the

9    Chapter 11 Case pursuant to Sections 105 and 362 of the Bankruptcy Code or any order of the

10    Bankruptcy Court, and existing on the Confirmation Date (excluding any injunctions or stays

11    contained in the Plan or the Confirmation Order) shall remain in full force and effect until the

12    Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall

13    remain in full force and effect in accordance with their terms.

14    **Plan Modifications**

15    47.    In Section 1.1.60, the words "Term Loan Claims and Second Lien Loan Claims"

16    shall be inserted after the words "DIP Loan Claims."

17    48.    In Section 1.1.97, the words ", as amended, modified, supplemented, or restated

18    from time to time" shall be added at the end of the sentence.

19    49.    In Section 1.1.109, in clause (i), the "sixty (60) days" shall be replaced by "one

20    hundred twenty (120) days."

21    50.    In Section 1.1.100.7, the amount of "$415,000,000" shall be replaced with

22    "$420,000,000."

23    51.    Section 3.4.2(b) shall have the following added at the end of the first paragraph:

24    "All such Distributions (other than the $10.0 Million in Cash referenced herein and, except as

25    provided below, the Contingent Value Rights) shall be made to the Second Lien Indenture

26    Trustee, who will make the Distributions to the Holders of the Allowed Second Lien Loan

27    Claims. The Cash portion of such Distributions shall be made to the Second Lien Indenture

28    Trustee, who will make the Cash Distribution to the Holders of the Allowed Second Lien Loan

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104500-002/1944187_4

12

Claims. The Contingent Value Rights shall be distributed directly by the Debtor, or as otherwise agreed to by the Debtor and the Second Lien Indenture Trustee, which Distribution shall be through the facilities of DTC, if commercially reasonable."

52.    The second bullet in Section 3.4.6(b) pertaining to Classes 6A to 6E shall be replaced in its entirety as follows: "In the event that the Holder of an Allowed Personal Injury Claim is not paid in full by the SIR and the policy proceeds, the Holder of such Allowed Personal Injury Claim shall receive, for the portion of the Allowed Personal Injury Claim in excess of the SIR and the policy proceeds, Cash payments, that shall accrue interest at the Federal Judgment Rate for the period from the Petition Date through the Effective Date and after the Effective Date at the rate of five percent (5%) per annum or such other interest rate as the Bankruptcy Court determines at the Confirmation Hearing or otherwise.  Such excess amount shall be paid either (i) in equal monthly installments over the period of time that commences on the later of the Effective Date and the date that the Personal Injury Claim becomes an Allowed Personal Injury Claim and ends one (1) year following the Effective Date, or (ii) in the event the Personal Injury Claim becomes an Allowed Personal Injury Claim more than one (1) year after the Effective Date, on the first Business Day after the Personal Injury Claim becomes an Allowed Personal Injury Claim (and the allowance of the Claim has not been stayed).  In all events, such payments shall be in full satisfaction, settlement, release and discharge of and in exchange for the Holder's Allowed Personal Injury Claim."

53.    The second bullet in Section 3.4.6(b) pertaining to Classes 6F to 6L shall be replaced in its entirety as follows: "In the event that the Holder of an Allowed Personal Injury Claim is not paid in full by the Deductible and the policy proceeds, the Holder of such Allowed Personal Injury Claim shall receive, for the portion of the Allowed Personal Injury Claim in excess of the Deductible and the policy proceeds, Cash payments, that shall accrue interest at the Federal Judgment Rate for the period from the Petition Date through the Effective Date and after the Effective Date at the rate of five percent (5%) per annum or such other interest rate as the Bankruptcy Court determines at the Confirmation Hearing or otherwise.  Such excess amount shall be paid either (i) in equal monthly installments over the period of time that commences on

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104500-002/1944187_4

the later of the Effective Date and the date that the Personal Injury Claim becomes an Allowed Personal Injury Claim and ends one (1) year following the Effective Date, or (ii) in the event the Personal Injury Claim becomes an Allowed Personal Injury Claim more than one (1) year after the Effective Date, on the first Business Day after the Personal Injury Claim becomes an Allowed Personal Injury Claim (and the allowance of the Claim has not been stayed).  In all events, such payments shall be in full satisfaction, settlement, release and discharge of and in exchange for the Holder's Allowed Personal Injury Claim."

54.    Section 4.6.5 shall be replaced  in its entirety with the following: "The DIP Loan Documents, the Term Loan Documents and Second Lien Loan Documents shall continue in effect solely for the purposes of: (i) allowing the DIP Loan Agents, Term Loan Agents, and Second Lien Agents, to receive the Plan Distributions required to be made to them or at their direction pursuant to the Plan and/or the DIP Loan Documents, the Term Loan Documents and the Second Lien Loan Documents and to distribute such Distributions in accordance therewith, (ii) allowing and preserving the rights of the Second Lien Agents to (a) make Distributions in satisfaction of Allowed Second Lien Loan Claims and (b) exercise any applicable charging liens against any such Distributions to obtain compensation and reimbursement for any fees, expenses (including attorney's fees) or indemnity to the extent permitted by the Second Lien Loan Documents, and (iii) allowing and preserving the rights of the DIP Loan Agents and the DIP Lenders to seek and obtain reimbursement for any expenses (including attorneys' fees) or indemnity to the extent permitted by the DIP Loan Documents. From and after the Effective Date, the Second Lien Agents will have no duties or obligations under the Second Lien Loan Documents other than to make Distributions."

55.    In the second and the third sentence of Section 7.1, the word "Pre-Petition" shall be inserted before the words "Claims Objection Deadline."

56.    In Section 9.8, the words ", **THE SECOND LIEN AGENTS, SOLELY IN THEIR CAPACITY AS SECOND LIEN COLLATERAL AGENT AND SECOND LIEN INDENTURE TRUSTEE FOR THE SECOND LIEN LOAN NOTES**" shall be inserted after the words "**THE NOTEHOLDER GROUP, SOLELY IN THEIR CAPACITY AS THE**

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

14

104500-002/1944187_4

1  **HOLDERS OF SECOND LIEN LOAN CLAIMS**" both times such words are used in the

2  Section.

3        57.    The above-listed modifications in paragraphs 47 through 56, and, to the extent

4  that any other provisions in these Findings and Conclusions could be construed as modifications

5  to the Plan, do not materially adversely affect or change the treatment of any Claims against or

6  Equity Interests in the Debtor.  Accordingly, such modifications would not require additional

7  disclosure under Section 1125 of the Bankruptcy Code or the resolicitation of acceptances or

8  rejections under Section 1126 of the Bankruptcy Code, nor do they require that Holders of

9  Claims against or Equity Interests in the Debtor be afforded an opportunity to change previously

10  cast acceptances or rejections of the Plan as filed with the Bankruptcy Court.  Disclosure of the

11  above-listed modifications on the record at the Confirmation Hearing constitutes due and

12  sufficient notice thereof under the circumstances of the Chapter 11 Case.  As such, the above-

13  listed modifications are approved as necessary and appropriate, and the Plan is so modified.  All

14  other modifications and amendments to the Plan are subject to Section 11 of the Plan.

15  <u>**Other Findings and Conclusions**</u>

16        58.    The Exit Financing is an essential element of the Plan, and entry into the Exit

17  Financing Facility Documents is in the best interest of the Debtor, the Estate and all Holders of

18  Claims and Equity Interests.  The Debtor has exercised reasonable business judgment in

19  determining to enter into the Exit Financing Facility Documents and has provided sufficient and

20  adequate notice of the material terms of the Exit Financing.  The Debtor has further exercised

21  reasonable business judgment in determining to increase the principal amount of the notes issued

22  under the Notes Indenture from $415,000,000 to $420,000,000. The terms and conditions of the

23  Exit Financing, including the security interests and Liens granted thereunder, are fair and

24  reasonable, and the Exit Financing has been negotiated in good faith and at arms' length.  The

25  Exit Financing is a critical component of the Plan because without it, the Debtor would not have

26  sufficient funding to pay the Allowed Claims of Creditors and would not be able to reorganize.

27  The Debtor and Reorganized Ahern are authorized, without further approval of the Bankruptcy

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

15

104500-002/1944187_4

1   Court or any other party, to execute and deliver all agreements, documents, instruments and

2   certificates relating thereto and incur and perform their obligations thereunder.

3          59.     The Debtor and its Professionals and advisors have acted in good faith with

4   respect to the solicitation of votes to accept or reject Plan, and the Debtor and its Professionals

5   and advisors are entitled to the protection under Section 1125(e) of the Bankruptcy Code.

6          60.     The Bankruptcy Court's retention of jurisdiction as set forth in Section 10.1 of the

7   Plan comports with the parameters contained in 28 U.S.C. § 157.

8          61.     Notice of all proceedings regarding or relating to confirmation of the Plan,

9   including without limitation, the Confirmation Hearing, was adequate under the circumstances

10  and complied with applicable provisions of the Bankruptcy Code and the Federal Rules of

11  Bankruptcy Procedure.

12         62.     These Findings and Conclusions, and all findings put forth on the record by the

13  Bankruptcy Court orally at the Confirmation Hearing, which are incorporated herein by this

14  reference, shall constitute findings of fact and conclusions of law pursuant to Rule 52 of the

15  Federal Rules of Civil Procedure, as made applicable pursuant to Rules 7052 and 9014 of the

16  Federal Rules of Bankruptcy Procedure.  To the extent any finding of fact shall be determined to

17  be a conclusion of law, it shall be so deemed, and vice versa.

18         63.     The failure specifically to include or reference any particular provision of the Plan

19  in these Findings and Conclusions shall not diminish or impair the effectiveness of such

20  provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety,

21  except as modified as set forth in paragraphs 47 through 56, above.

22         **IT IS SO ORDERED.**

23

24

25

26

27

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

16

104500-002/1944187_4

1  PREPARED AND SUBMITTED:

2  GORDON SILVER

3

4  By:  _Gabrielle A. Hamm_

5     WILLIAM M. NOALL, ESQ.
      THOMAS H. FELL, ESQ.
      GABRIELLE E. HAMM, ESQ.
6     KIRK D. HOMEYER, ESQ.
      3960 Howard Hughes Pkwy., 9th Floor
7     Las Vegas, Nevada 89169

8     and

9     DLA PIPER LLP (US)
      GREGG M. GALARDI, ESQ.
10    1251 Avenue of the Americas
      New York, New York 10020
11

12    Attorneys for Debtor

APPROVED/~~DISAPPROVED~~:

COVINGTON & BURLING LLP

By:  __/s/ Michael St. Patrick Baxter__
     MICHAEL ST. PATRICK BAXTER, ESQ.
     1201 Pennsylvania Avenue NW
     Washington, DC 20004-2401

     and

     DOWNEY BRAND LLP
     SALLIE B. ARMSTRONG, ESQ.
     100 W. Liberty Street, Suite 900
     Reno, NV 89501

     Attorneys for the Official Committee of
     Unsecured Creditors

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104500-002/1944187_4

17

**APPROVED**/~~DISAPPROVED~~:

MILBANK, TWEED, HADLEY
& MCCLOY LLP

By: ___/s/ Haig M. Maghakian_____
    ROBERT JAY MOORE, ESQ.
    HAIG M. MAGHAKIAN, ESQ.
    601 South Figueroa Street, 30th Floor
    Los Angeles, CA 90017

    and

    MCDONALD CARANO WILSON LLP
    KAARAN E. THOMAS, ESQ.
    100 West Liberty Street, 10th Floor
    Reno, Nevada 89505-1670

    Attorneys for the Majority Term Lenders


**APPROVED**/~~DISAPPROVED~~:

BRACEWELL & GIULIANI LLP

By: ___/s/ Kurt A. Mayr_____
    DANIEL S. CONNOLLY, ESQ.
    1251 Avenue of the Americas, 49th Floor
    New York, New York  10020-1104

    KURT A. MAYR, ESQ.
    MARK E. DENDINGER, ESQ.
    Goodwin Square
    225 Asylum Street, Suite 2600
    Hartford, Connecticut 06103

    and

    FENNEMORE  CRAIG  JONES  VARGAS
    LAUREL E. DAVIS, ESQ.
    CRAIG S. DUNLAP, ESQ.
    300 South Fourth Street, Suite 1400
    Las Vegas, Nevada 89101
    Telephone: (702) 692-8000
    Facsimile: (702) 692-8099
    Email: ldavis@fclaw.com

    Attorneys for the Noteholder Group


**APPROVED**/~~DISAPPROVED~~:

SHEPPARD MULLIN RICHTER &
HAMPTON LLP

By: ___/s/ Kyle Mathews_____
    KYLE MATHEWS, ESQ.
    333 South Hope Street
    Forty-Third Floor
    Los Angeles , CA 90071

    Attorneys for 2nd Lien Indenture Trustee


**APPROVED**/~~DISAPPROVED~~:

ANTHONY A. ZMAILA LIMITED PLLC

By: ___/s/ Anthony A. Zmaila_____
    ANTHONY A. ZMAILA, ESQ.
    265 East Warm Springs Rd., Suite 100
    Las Vegas, NV 89119

    Attorneys for Kubota Tractor Corporation

104500-002/1944187_4

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

**APPROVED**/~~DISAPPROVED~~:

KAYE SCHOLER LLP


By:   Marc D. Rosenberg
    MARC D. ROSENBERG, ESQ.
    NEAL HAMPTON, ESQ.
    425 Park Avenue
    New York, NY 10022-3598

    and

    SNELL & WILMER
    ROBERT R. KINAS, ESQ.
    3883 Howard Hughes Parkway
    Suite 1100
    Las Vegas, NV 89169-5958

    Attorneys for Bank of America, N.A. and
    Merrill Lynch, Pierce, Fenner & Smith
    Incorporated

**APPROVED**/~~DISAPPROVED~~:

WOODBURN & WEDGE


By:   John F. Murtha
    JOHN F. MURTHA, ESQ.
    6100 Neil Rd, #500
    Reno, NV 89511

    Attorneys for Don Ahern, DFA, LLC, and
    Xtreme Manufacturing, LLC

**APPROVED**/~~DISAPPROVED~~:

VEDDER PRICE


By:   /s/ Sarah V. Carrasco
    DOUGLAS J. LIPKE, ESQ.
    WILLIAM W. THORSNESS, ESQ.
    222 North LaSalle Street
    Chicago, Illinois 60601

    and

    CARRASCO LAW PRACTICE, LLC
    SARAH V. CARRASCO, ESQ.
    3495 Lakeside Drive #251
    Reno, Nevada 89509

    Attorneys for Banc of America Leasing
    and Capital, LLC

**APPROVED**/~~DISAPPROVED~~:

GOOLD PATTERSON


By:   /s/ Jeffrey D. Patterson
    JEFFREY D. PATTERSON, ESQ.
    KELLY J. BRINKMAN, ESQ.
    1975 Village Center Circle, Suite 140
    Las Vegas, Nevada 89134

    Attorneys for County of Los Angeles Tax
    Collector

104500-002/1944187_4

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

1

## **LR 9021 CERTIFICATION**

2

     In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

3

4

     ☐    The court waived the requirement of approval under LR 9021(b)(1).

5

     ☐    No party appeared at the hearing or filed an objection to the motion.

6

     ☒    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

7

8

9

     ☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

10

11

                                   ###

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104500-002/1944187_4