ARMSTRONG TEASDALE LLP
LOUIS M. BUBALA III (NV SBN 8974)
50 W. Liberty Street, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049

MACDONALD | FERNANDEZ LLP
MATTHEW J. OLSON (CA SBN 265908)
*Admitted Pro Hac Vice*
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Claimants,
JULIAN ALBARADO, SR., deceased; BERTHA ALBARADO, individually and as the Administrator of the Estate of Julian Albarado, Sr.; and JULIAN ALBARADO, JR., an individual

ELECTRONICALLY FILED ON
AUGUST 26, 2013

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In Re:

AHERN RENTALS, INC.

        Debtor.

Case No. BK-N-11-53860-BTB

Chapter 11

**CLAIMANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEBTOR'S THIRD OMNIBUS OBJECTION TO CLAIMS FILED ON BEHALF OF THE ESTATE OF JULIAN ALBARADO, SR. (POC NOS. 708, 709, 710, 711, 712, AND 713)**

Date: September 24, 2013
Time: 10:30 a.m.
Place: Courtroom 2, Fifth Floor
       300 Booth Street
       Reno, Nevada

Hon. Bruce T. Beesley

///

///

///

///

i

## INTRODUCTION

The Court should overrule the Debtor-in-Possession's objections because the Albarados served their state-court complaint on Debtor-in-Possession before the supplemental bar date, constituting an informal proof of claim later amended by the Albarados' formal proofs of claim.

## FACTS

On October 10, 2012, the Claimants commenced an action in the Superior Court of California for the County of Orange asserting a claim for damages against, *inter alia*, the Debtor for negligence, wrongful death, and a survival action (the "State-Court Complaint"). *See* Exhibit "A" to the Request for Judicial Notice ("RJN"), Doc. No. 2203. On December 6, 2012, Carpenter Zuckerman & Rowley, LLP properly served the State-Court Complaint upon the Debtor as required by California Code of Civil Procedure § 416.10. Decl. of John Carpenter ¶ 4, Doc. No. 2204.

After the filing of the State-Court Complaint, the Debtor—acting as Debtor-in-Possession with the powers of a Trustee—issued a "Notice of Supplemental Bar Date for Certain Claimants Only" (the "Supplemental Notice"). Doc. No. 1328. The Supplemental Notice set 5:00 p.m. on December 28, 2012, as the bar date for the Claimants to file their claims (the "Supplemental Bar Date"). *Id.* Claimants' formal proofs of claim were file stamped shortly after the Supplemental Bar Date on January 11, 2013 (POC Nos. 708, 709, and 710) and January 15, 2013 (POC Nos. 711, 712, and 713). Carpenter Decl. ¶ 8. The State-Court Complaint was served upon the Debtor-in-Possession prior to the Supplemental Bar Date. *See* Proof of Service of Summons, offered as Exhibit "C" to the Request for Judicial Notice ("RJN II"), filed herewith.

## ANALYSIS

I. <u>THE STATE-COURT COMPLAINT CONSTITUTES AN INFORMAL PROOF OF CLAIM BECAUSE IT IS AN EXPLICIT DEMAND SHOWING THE NATURE AND AMOUNT OF THE CLAIM AGAINST THE DEBTOR AND SERVICE ON THE DEBTOR-IN-POSSESSION EVIDENCES AN INTENT TO HOLD THE ESTATE LIABLE.</u>

The State-Court Complaint is a timely filed informal proof of claim, making the formal proof of claims filed in January 2013 amendments to the informal proof of claim. Because the State-Court Complaint describes the nature of the claim against the Debtor, the amount of the claim against the Debtor, and was served upon the Debtor—demonstrating an intent to hold the Debtor liable for the

claim—the State Court Complaint meets all the criteria for finding that it is an informal proof of claim.

To constitute an informal proof of claim, a document "must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable." *Sambo's Rests., Inc. v. Wheeler (In re Sambo's Rests., Inc.)*, 754 F.2d 811, 815 (9th Cir. 1985) (citing *Co. of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards, Inc.)*, 597 F.2d 181, 183 (9th Cir. 1979) (per curiam)). When the claim is based upon a pending lawsuit, the creditor need not provide an exact calculation of the amount of its claim against the estate. *Pizza of Hawaii, Inc. v. Shakey's, Inc. (Matter of Pizza of Hawaii, Inc.)*, 761 F.2d 1374, 1381 (9th Cir.1985).

In *Sambo's Restaurants*, the Ninth Circuit was presented with a creditor who filed a suit against the debtor for wrongful death after the petition date. 754 F.2d at 812. The claim arose pre-petition and, while the debtor demanded dismissal of the suit, the debtor did not provide notice of the claims bar date to the creditor. *Id.* Before the claims bar date, the debtor, joined by the creditor, filed a motion to stay and to transfer the wrongful death case from the federal district court where it had been filed to the federal district court where the bankruptcy was pending. *Id.* The district court denied the motions and dismissed the wrongful death case without prejudice. *Id.* The creditor did not file a proof of claim before the bar date, but later moved for leave to amend her informal proof of claim. *Id.*

The Ninth Circuit quickly noted that the complaint "sets forth the nature and amount of the claim." *Id.* at 815. The debtor argued that since the complaint and the motions to stay or to transfer venue were not filed with the bankruptcy court, the creditor had not complied with Bankruptcy Rule 3002's requirement that the proof of claim be filed with the bankruptcy court. *Id.* However, the debtor was acting as debtor-in-possession, with the powers of a trustee, when it received the communications from the creditor. *Id.* Relying on its prior decision in *Franciscan Vineyards*, the Ninth Circuit held that an informal proof of claim need not appear on the Bankruptcy Court's records or in its files; it was sufficient that the notice was sent to the debtor-in-possession. *Id.* at 816. Moreover, the Ninth Circuit held that a creditor need not have any specific intent to file a document with the bankruptcy court. *Id.*

Additionally, the Ninth Circuit rejected the argument that the filing of the complaint in violation of the automatic stay prevented it from serving as an informal proof of claim. *Id.* The Ninth Circuit held that preventing a complaint from serving as an informal proof of claim would lead to absurd results, with a letter to a trustee serving as an amendable informal proof of claim but not a duly served complaint. *Id.* Because of the "long-established liberal policy" in favor of allowing amendments to proof of claim, courts of the Ninth Circuit are "liberal in what kind of documentation" is treated as an informal proof of claim. *Id.* When analyzing the question, the focus is the content of the document and creditor conduct, not the type of document offered. *Pac. Resource Credit Union v. Fish (In re Fish)*, 456 B.R. 416, 417–418 (B.A.P. 9th Cir. 2011).

This liberality is borne out by the case law, with a variety of documents found by courts to constitute an informal proof of claim. *See*, *e.g.*, *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (creditor's disclosure statement constituted an informal proof of claim); *Anderson-Walker Indus., Inc. v. Lafayette Metals, Inc. (In re Anderson-Walker Indus., Inc.)*, 798 F.2d 1285, 1288 (9th Cir. 1986) (letter to trustee's attorney an informal proof of claim); *Pizza of Hawaii*, 761 F.2d at 1381 (request for relief from the automatic stay constituted an informal proof of claim); *Franciscan Vineyards*, 597 F.2d at 182–83 (letter sent to trustee constituted an informal proof of claim); *Fish*, 456 B.R. at 418–419 (motion for relief from stay and objections to plan confirmation); *Forward Progress Management Real Estate, Inc. v. The Yucca Group, LLC (In re The Yucca Group, LLC)*, No. CC-11-1436-PaDH, 2012 WL 2086485, *9 (B.A.P. 9th Cir. June 8, 2012) (complaint in dismissed adversary proceeding an informal proof of claim); *In re Hayes*, 327 B.R. 453, 462 (Bankr. C.D. Cal. 2005) (nondischargeability complaint constituted an informal proof of claim).

Here, as in *Sambo's Restaurants*, the Claimants filed a complaint for wrongful death post-petition. The State-Court Complaint was filed in the Superior Court of California for the County of Orange before the Supplemental Bar Date and the summons and complaint were served upon the Debtor-in-Possession in accordance with California Code of Civil Procedure § 416.10 before the Supplemental Bar Date. The State-Court Complaint sets forth the nature of the claim against the Debtor. Ex. "A" to RJN, Doc. No. 2203. The Statement of Damages provides a detailed calculation of the claim against the Debtor. *See* Statements of Damages, attached as Exhibits "A," "B," and "C"

3

to the Declaration of John Carpenter ("Carpenter Decl. II"), filed herewith. Finally, the State-Court Complaint, the Statement of Damages, and summons were served upon the Debtor, demonstrating intent to hold the Debtor liable. *See* Ex. "C" to RJN II, filed herewith.

The fact that the State-Court complaint was not filed with the Bankruptcy Court is irrelevant; it is enough that the Debtor-in-Possession—acting with the powers of a trustee—received notice of the claim. *Sambo's Rests.*, 754 F.2d at 815.

The filing of the State-Court Complaint and its service upon the Debtor-in-Possession prior to the Supplemental Bar Date constitutes an informal proof of claim.

II. **THE COURT SHOULD CONSTRUE THE FORMAL PROOFS OF CLAIM FILED IN JANUARY AS AMENDMENTS TO THE INFORMAL PROOF OF CLAIM CREATED BY THE STATE-COURT COMPLAINT.**

Since the filing of the State-Court Complaint and its service upon the Debtor before the Supplemental Bar Date constitutes an informal proof of claim, the court should construe the January 2013 formal proofs of claim as amendments to the informal proof of claim.

There is no requirement that a creditor seek a determination that an informal proof of claim exists because courts routinely determine if an informal proof of claim exists though proceedings commenced by the debtor or other parties. *Green v. Brotman Med. Ctr. (In re Brotman Med. Ctr.)*, No. CC-11-1131-PaMkLa, 2012 WL 603709, *7 (B.A.P. 9th Cir. Jan. 31, 2012). In any event, the burden is upon the party opposing the amendment to show actual prejudice to prevent an amendment to an informal proof of claim. *Sambo's Rests.*, 754 F.2d at 817. Factors to consider to determine if an amendment could be prejudicial include "bad faith or unreasonable delay in filing the amendment, impact on other claimants, reliance by the debtor or other creditors, and change of the debtor's position." *Wall Street Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 102 (B.A.P. 9th Cir. 2006).

In this case there is no indication of any prejudice. First, no other creditors with allowed claims are impacted since the plan proposes to pay the claims in full. For the same reason, other creditors could not have relied upon the fact that Claimant's had not filed a formal proof of claim until January 2013. The Claimants acted promptly at all times, by timely filing their complaint before the Superior Court and filing formal proofs of claim shortly after it was served upon the

4

Debtor-in-Possession. There is no evidence that the Claimants acted in bad faith.

The Debtor cannot demonstrate that it relied upon the absence of the Albarados' claims or changed its position because the Debtor was aware of the claims prepetition and had already denied its liability. The suggestion that the Debtor's post-confirmation financing will be impacted by the claims is undercut by the fact that the Debtor would not have reserved funds for these claims. The Debtor's insures rejected the claims pre-petition and the Debtor continues to reject any assertion that it is responsible for the claims. *See, e.g.*, Reply to Claimants' Opposition to Debtor's Third Omnibus Objection to Claims 5:3–13, Doc. No. 2217. If the Debtor is not liable for the claims, then the Debtor has no need for additional financing for these claims and allowance does not prejudice the Debtor. Moreover, Debtor had ample opportunity to resolve any concerns regarding the timely filing of the claims because the plan was confirmed nearly six months after the formal proofs of claim were filed. It was incumbent upon the Debtor to raise its objection because a filed claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a); *see, e.g.*, *In re Lewis*, 80 B.R. 39, 40 (Bankr. E.D. Pa. 1987). The claims were deemed allowed by absence of any objection until shortly before entry of the confirmation order. Any prejudice to the Debtor was of its own creation; the Debtor did not bother to dispute the claims until confirmation of its plan was assured.

The formal proofs of claim are amendments to the informal proof of claim.

## **CONCLUSION**

The State-Court Complaint is an informal proof of claim because it notified the Debtor-in-Possession of the nature and amount of the claim, and the Court should permit the amendment by the formal proofs of claim filed in January 2013.

DATED: August 26, 2013

| ARMSTRONG TEASDALE LLP | MACDONALD \| FERNANDEZ LLP |
|---|---|
| By: /s/ Louis M. Bubala III<br>      Louis M. Bubala III<br>      Attorneys for Claimants,<br>      JULIAN ALBARADO, SR.,<br>      deceased; BERTHA ALBARADO,<br>      individually and as the Administrator<br>      of the Estate of Julian Albarado, Sr.;<br>      and JULIAN ALBARADO, JR., an<br>      individual | By: /s/ Matthew J. Olson<br>      Matthew J. Olson<br>      Attorneys for Claimants,<br>      JULIAN ALBARADO, SR.,<br>      deceased; BERTHA ALBARADO,<br>      individually and as the Administrator<br>      of the Estate of Julian Albarado, Sr.;<br>      and JULIAN ALBARADO, JR., an<br>      individual |